1  RICHARD E. ZUCKERMAN
   Principal Deputy Assistant Attorney General
2
   YEN JEANNETTE TRAN
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Washington, D.C.  20044
5  202-616-3366 (v)
   202-307-0054 (f)
6  Y.Jeannette.Tran@usdoj.gov

7  Of Counsel:
   JOSEPH H. HARRINGTON
8  U.S. Attorney, Eastern District of Washington

9  *Attorneys for the United States of America*

10              IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF WASHINGTON
11
   UNITED STATES OF AMERICA,        )
12                                   )   Case No. 1:18-cv-3038
               Plaintiff,            )
13                                   )   **COMPLAINT**
          v.                         )
14                                   )
   RICHARD S. RODRIGUEZ a.k.a.       )
15 RICHARD S. RODRIQUEZ;             )
   SHONNA L. RODRIGUEZ a.k.a.        )
16 SHONNA L. RODRIQUEZ;              )
   THE RODRIGUEZ FAMILY LIVING       )
17 TRUST; THE YAKIMA FAMILIA         )
   OUTREACH TRUST; YAKIMA            )
18 COUNTY; WELLS FARGO HOME          )
   MORTGAGE, INC.; GREEN TREE        )
19 SERVICING, LLC; CHASE BANK        )
   USA, N.A.; FIRST NATIONAL BANK    )
20 OF OMAHA; and DISCOVER BANK,      )

   Compl.
   Page 1

Issuer of the Discover Card,                    )
                                                )
                    Defendants.                 )
    _____)

The United States of America ("United States"), by and through its

undersigned counsel, hereby alleges as follows:

## **INTRODUCTION**

1.      This is a civil action timely brought by the United States to: (i) reduce

to judgment the outstanding federal tax assessments against Defendants Richard S.

Rodriguez a.k.a. Richard S. Rodriquez (hereinafter referred to Richard S.

Rodriguez) and Shonna L. Rodriguez a.k.a. Shonna L. Rodriquez (hereinafter

referred to as Shonna L. Rodriguez); (ii) find that two separate parcels of improved

real property located in Yakima County, Washington, described more completely

below and referred to individually as the "Mieras Property" and "31st Avenue

Property" (collectively, "Subject Properties"), are held by a nominee and/or alter

ego of Defendants Richard S. Rodriguez and Shonna L. Rodriguez and/or that the

Subject Properties were fraudulently transferred; (iii) foreclose federal tax liens on

the Subject Properties; and (iv) sell the Subject Properties, and distribute the

proceeds from such sale in accordance with the Court's findings as to the validity

and priority of the liens and claims of all the parties.

///

Compl.
Page 2

1

## JURISDICTION AND VENUE

2    2.    This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at

3    the direction of the Attorney General of the United States and with the

4    authorization and request of the Chief Counsel of the Internal Revenue Service

5    (hereinafter referred to as the "IRS"), a delegate of the Secretary of the Treasury of

6    the United States.

7    3.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §§

8    1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

9    4.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §§

10    1391(b) and 1396, because Richard S. Rodriguez and Shonna L. Rodriguez reside

11    in the Eastern District of Washington and because the Subject Properties are

12    located within the Eastern District of Washington.

13

## DEFENDANTS

14    5.    Richard S. Rodriguez is named as a defendant because he has unpaid

15    federal tax liabilities and an ownership interest in the Subject Properties.

16    6.    Shonna L. Rodriguez is named as a defendant because she has unpaid

17    federal tax liabilities and an ownership interest in the Subject Properties.

18    7.    Richard S. Rodriguez and Shonna L. Rodriguez are married.

19    8.    On information and belief, Richard S. Rodriguez and Shonna L.

20    Rodriguez use a modified spelling of their last name, Rodriquez, in order to cloud

Compl.
Page 3

title on the Subject Properties and/or to avoid creditors.

9.     The Rodriguez Family Living Trust is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Properties.

10.     The Yakima Familia Outreach Trust (hereinafter referred to as the "YFO"), which may use other names including "Yakama Familia Outreach Trust", "Yakima Familia Outreach", and "Yakama Familia Outreach", is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Properties.

11.     On information and belief, YFO uses other names, as described in paragraph 10, above, in order to cloud title on the Subject Properties.

12.     Yakima County is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Properties.

13.     Wells Fargo Home Mortgage, Inc. (hereinafter referred to as "Wells Fargo") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Mieras Property.

14.     Green Tree Servicing, LLC (hereinafter referred to as "Green Tree") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the 31st Avenue Property.

15.     Chase Bank USA, N.A. is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Properties.

Compl.
Page 4

16.    First National Bank of Omaha is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Properties.

17.    Discover Bank, Issuer of the Discover Card, is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Properties.

## SUBJECT PROPERTIES

18.    The Subject Properties sought to be foreclosed consist of two separate parcels of real property situated in the County of Yakima, State of Washington, which are more fully described below.

### Mieras Property

19.    The first parcel of real property has a street address of 12190 Mieras Road, Yakima, WA 98901, and is Yakima County Assessor Office's Parcel Number 201334-24403 ("Mieras Property"). The Mieras Property is legally described as:

> PARCEL D OF SHORT PLAT RECORDED IN BOOK 79 OF SHORT PLATS, PAGE 131, UNDER AUDITOR'S FILE NO. 2548258, RECORDS OF YAKIMA COUNTY, WASHINGTON.

20.    The building style for the Mieras Property is classified as "Manufactured Hse" by the Yakima County Assessor's Office. The manufactured home, that may or may not be deemed a fixture, that is located on the Mieras Property is a 2003 Guerdon with VIN GDBOIB180301550AB.

Compl.
Page 5

21.     On or about October 21, 1998, Richard S. Rodriguez and Shonna L. Rodriguez acquired the Mieras Property as husband and wife by Statutory Warranty Deed from RFB, Inc., a Corporation. The Statutory Warranty Deed was recorded with the Yakima County Auditor's Office on October 30, 1998 (File # 7084943).

22.     On or about June 13, 2003, Richard S. Rodriguez and Shonna L. Rodriguez granted a Deed of Trust against the Mieras Property in consideration for a loan in the amount of $140,000.00 from Wells Fargo. The Deed of Trust was recorded with Yakima County Auditor's Office on July 3, 2003 (File # 7343966).

23.     On April 6, 2009, Shonna L. Rodriguez recorded a UCC Financing Statement in the name of "Shonna Lee Rodriquez" with the Yakima County Auditor's Office (File # 7648145). The UCC Financing Statement: listed "Shonna Lee Rodriquez" as the debtor and secured party; identified the debtor as a trust with transmitting utility; stated all property belonging to the debtor belongs to the secured party; and listed the Mieras Property as collateral.

24.     On April 6, 2009, Richard S. Rodriguez recorded a UCC Financing Statement in the name of "Richard Salinas Rodriquez" with Yakima County Auditor's Office (File # 7648146). The UCC Financing Statement: listed "Richard Salinas Rodriquez" as the debtor and secured party; identified the debtor as a trust with transmitting utility; stated all property belonging to the debtor belongs to the

1  secured party; and listed the Mieras Property as collateral.

2       25.     On or about June 25, 2010, Richard S. Rodriguez and Shonna L.

3  Rodriguez purported to transfer the Mieras Property to The Rodriguez Family

4  Living Trust for no consideration by Quitclaim Deed. The Quitclaim Deed was

5  signed by Shonna L. Rodriguez and Richard S. Rodriguez as grantors and trustees.

6  The Quitclaim Deed was recorded with the Yakima County Auditor's Office on

7  June 25, 2010 (File # 7695614).

8       26.     On or about June 25, 2010, The Rodriguez Family Living Trust

9  purported to transfer the Mieras Property to the YFO for no consideration by

10  Quitclaim Deed. The Quitclaim Deed was signed by Shonna L. Rodriguez and

11  Richard S. Rodriguez as grantors and trustees. The Quitclaim Deed was recorded

12  with the Yakima County Auditor's Office on June 25, 2010 (File # 7695615).

13  **31st Avenue Property**

14       27.     The second parcel of real property has a street address of 1407 South

15  31st Avenue, Yakima, WA 98902, and is Yakima County Assessor Office's Parcel

16  Number 181326-33468 ("31st Avenue Property"). The 31st Avenue Property is

17  legally described as:

18      LOT 68, HAMILTON PARK ADDITION NO. 2, ACCORDING TO THE
       PLAT THEREOF, RECORDED IN VOLUME "X" OF PLATS, PAGE 3,

19      RECORDS OF YAKIMA COUNTY, WASHINGTON.

20       28.     On or about October 20, 2003, Richard S. Rodriguez and Shonna L.

Rodriguez acquired the 31st Avenue Property as husband and wife by Quitclaim Deed from Richard S. Rodriguez, as his separate estate. The Quitclaim Deed was recorded with the Yakima County Auditor's Office on October 21, 2003 (File # 7367056).

29.     On or about October 14, 2003, Richard S. Rodriguez and Shonna L. Rodriguez granted a Deed of Trust against the 31st Avenue Property in consideration for a loan in the amount of $75,050.00 from GMAC Mortgage Corp. The Deed of Trust was recorded with Yakima County Auditor's Office on October 21, 2003 (File # 7367057).

30.     On April 6, 2009, Shonna L. Rodriguez recorded a UCC Financing Statement in the name of "Shonna Lee Rodriquez" with the Yakima County Auditor's Office (File # 7648145). The UCC Financing Statement: listed "Shonna Lee Rodriquez" as the debtor and secured party; identified the debtor as a trust with transmitting utility; stated all property belonging to the debtor belongs to the secured party; and listed the 31st Avenue Property as collateral.

31.     On April 6, 2009, Richard S. Rodriguez recorded a UCC Financing Statement in the name of "Richard Salinas Rodriquez" with Yakima County Auditor's Office (File # 7648146). The UCC Financing Statement: listed "Richard Salinas Rodriquez" as the debtor and secured party; identified the debtor as a trust with transmitting utility; stated all property belonging to the debtor belongs to the

secured party; and listed the 31st Avenue Property as collateral.

32.     On or about June 25, 2010, Richard S. Rodriguez and Shonna L. Rodriguez purported to transfer the 31st Avenue Property to The Rodriguez Family Living Trust for no consideration by Quitclaim Deed. The Quitclaim Deed was signed by Shonna L. Rodriguez and Richard S. Rodriguez as grantors and trustees. The Quitclaim Deed was recorded with the Yakima County Auditor's Office on June 25, 2010 (File # 7695614).

33.     On or about June 25, 2010, The Rodriguez Family Living Trust purported to transfer the 31st Avenue Property to the YFO for no consideration by Quitclaim Deed. The Quitclaim Deed was signed by Shonna L. Rodriguez and Richard S. Rodriguez as grantors and trustees. The Quitclaim Deed was recorded with the Yakima County Auditor's Office on June 25, 2010 (File # 7695615).

**FACTUAL BACKGROUND**

34.     On or about October 16, 2008, Richard S. Rodriguez and Shonna L. Rodriguez filed a Form 1040, U.S. Individual Income Tax Return, for the tax period ending December 31, 2007.

35.     The 2007 Form 1040 referenced in paragraph 32, above, reported federal income tax due of $237,663.00, and sought a refund of $88,142.00. The claimed refund was based, in part, on false refund returns containing false withholding credits using false Forms 1099-R that artificially and inaccurately

inflated the amount of withholdings paid to the IRS to $318,021.00.

36.     The IRS issued a refund of $87,642.00 for the federal income tax period ending December 31, 2007 to Richard S. Rodriguez and Shonna L. Rodriguez.

37.     After issuance of the erroneous refund, the IRS assessed additional tax and interest for the federal income tax period ending December 31, 2007 due to the false withholding credits pursuant to 26 U.S.C. § 6201(a)(3).

38.     On or about December 24, 2008, Richard S. Rodriguez and Shonna L. Rodriguez filed a Form 1040X, Amended U.S. Individual Income Tax Return, for the tax period ending December 31, 2005.

39.     The 2005 Amended Form 1040 referenced in paragraph 38, above, sought a refund of $167,960. The claimed refund was based, in part, on false refund returns containing false withholding credits using false Forms 1099-OID that artificially and inaccurately inflated the amount of withholdings paid to the IRS to $256,579.

40.     On or about December 24, 2008, Richard S. Rodriguez and Shonna L. Rodriguez filed a Form 1040X, Amended U.S. Individual Income Tax Return, for the tax period ending December 31, 2006.

41.     The 2006 Amended Form 1040 referenced in paragraph 40, above, sought a refund of $172,387. The claimed refund was based, in part, on false

refund returns containing false withholding credits using false Forms 1099-OID

that artificially and inaccurately inflated the amount of withholdings paid to the

IRS to $266,205.

42.    On the dates and for the amounts listed in the chart below, a duly

authorized delegate of the Secretary of the Treasury made timely assessments

against Richard S. Rodriguez and Shonna L. Rodriguez, jointly, for unpaid federal

income taxes (Form 1040: U.S. Individual Income Tax Return), penalties, interest,

and other statutory additions for the taxable periods set forth below:

| Type of Tax | Tax Period | Assessment Date | Amount Assessed | Unpaid Balance Due as of January 31, 2018 (including accruals and credits) |
|---|---|---|---|---|
| 1040 (Income) | 12/31/2007 | 11/03/2008<br>01/26/2009<br>01/26/2009<br>11/05/2012<br>11/11/2013<br>11/10/2014 | $237,663.00 (t)<br>$307,792.00 (t)<br>$10,979.30 (i)<br>$67,793.77 (fptp)<br>$26,810.54 (i)<br>$6,911.25 (i) | $264,107.33 |
| | | | **TOTAL**: | $264,107.33 |

**Key:** t = tax
        i = interest
        fptp = failure to pay tax penalty (26 U.S.C. § 6651)

43.    On the dates and for the amounts listed in the chart below, a duly

authorized delegate of the Secretary of the Treasury made timely assessments

against Richard S. Rodriguez, individually, for unpaid civil penalties pursuant to

26 U.S.C. § 6702 (penalty for frivolous tax submissions)[1], penalties, interest, and other statutory additions for the taxable periods set forth below:

| Type of Tax | Tax Period | Assessment Date | Amount Assessed | Unpaid Balance Due as of January 31, 2018 (including accruals and credits) |
|---|---|---|---|---|
| 6702 (Civil Penalty) | 12/31/2005 | 08/31/2009 11/11/2013 11/10/2014 | $5,000.00 (t) $790.98 (i) $179.78 (i) | $46.11 |
| | 12/31/2006 | 09/14/2009 11/11/2013 11/10/2014 | $5,000.00 (t) $767.11 (i) $175.13 (i) | $6,667.08 |
| | 12/31/2007 | 10/18/2010 11/11/2013 11/10/2014 | $5,000.00 (t) $535.22 (i) $173.26 (i) | $6,595.54 |
| | | | **TOTAL**: | $13,308.73 |

**Key:** t = tax
        i = interest

44.    On the dates and for the amounts listed in the chart below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Shonna L. Rodriguez, individually, for unpaid civil penalties pursuant to 26

---

[1] A penalty under 26 U.S.C. § 6702 is considered a "tax." *See* 26 U.S.C. § 6671(a) ("Except as otherwise provided, any reference in [Title 26] shall be deemed also to refer to the penalties and liabilities provided by [Subchapter B-Assessable Penalties].")

Compl.
Page 12

U.S.C. § 6702 (penalty for frivolous tax submissions), penalties, interest, and other

statutory additions for the taxable periods set forth below:

| Type of Tax | Tax Period | Assessment Date | Amount Assessed | Unpaid Balance Due as of January 31, 2018 (including accruals and credits) |
|---|---|---|---|---|
| 6702 (Civil Penalty) | 12/31/2005 | 08/31/2009 10/07/2013 10/06/2014 10/12/2015 | $5,000.00 (t) $772.59 (i) $180.47 (i) $197.75 (i) | $7,263.20 |
|  | 12/31/2006 | 09/14/2009 10/07/2013 10/06/2014 10/12/2015 | $5,000.00 (t) $750.54 (i) $174.63 (i) $183.45 (i) | $6,667.08 |
|  | 12/31/2007 | 10/18/2010 10/07/2013 10/06/2014 10/12/2015 | $5,000.00 (t) $504.52 (i) $167.17 (i) $175.60 (i) | $6,381.88 |
|  |  |  | **TOTAL**: | $20,312.16 |

**Key:** t = tax
     i = interest

## COUNT ONE: REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AGAINST DEFENDANTS RICHARD S. RODRIGUEZ AND SHONNA L. RODRIGUEZ

45.    The United States incorporates by reference paragraphs 1 through 44,

above, as if fully set forth here.

46.    Timely notice stating the amounts and demanding payments of the

assessments set forth in paragraphs 42 through 44, above, was given to Richard S.

Compl.
Page 13

1    Rodriguez and Shonna L. Rodriguez, as required by 26 U.S.C. § 6303.

2        47.    Despite timely notice and demand for payment of the assessments

3    described in paragraphs 42 through 44, above, Richard S. Rodriguez and Shonna

4    L. Rodriguez have neglected, failed, and/or refused to make full payment of the

5    assessed amounts to the United States.

6        48.    The United States has established a claim against Richard S.

7    Rodriguez and Shonna L. Rodriguez in the amount of $264,107.33 for unpaid

8    federal income taxes for the assessments described in paragraph 42, above, as of

9    January 31, 2018. Additional unassessed interest and other statutory additions as

10   provided by law will accrue on this balance.

11       49.    The United States has established a claim against Richard S.

12   Rodriguez in the amount of $13,308.73 for unpaid civil penalties for the

13   assessments described in paragraph 43, above, as of January 31, 2018. Additional

14   unassessed interest and other statutory additions as provided by law will accrue on

15   this balance.

16       50.    The United States has established a claim against Shonna L.

17   Rodriguez in the amount of $20,312.16 for unpaid civil penalties for the

18   assessments described in paragraph 44, above, as of January 31, 2018. Additional

19   unassessed interest and other statutory additions as provided by law will accrue on

20   this balance.

1
2

## COUNT TWO: TO DETERMINE THAT DEFENDANTS RICHARD S. RODRIGUEZ AND SHONNA L. RODRIGUEZ ARE THE TRUE OWNERS OF THE SUBJECT PROPERTIES

3

51.     The United States incorporates by reference paragraphs 1 through 50,

4

above, as if fully set forth here.

5

52.     On or about February 5, 2010, the YFO, calling itself as the "Yakima

6

Familia Outreach", was registered as a non-profit corporation with the Washington

7

Secretary of State (UBI Number 602 989 278). Richard Rodriguez is listed as the

8

Registered Agent, Director, and President in filings with the Washington Secretary

9

of State. Shonna Rodriguez is listed as the Secretary in filings with the Washington

10

Secretary of State. The registered business address for the YFO is the Mieras

11

Property.

12

53.     The YFO, calling itself as the "Yakima Familia Outreach", is also

13

registered as a non-profit charitable organization with the Washington Secretary of

14

State (Registration number 1128481). The registered organization address for the

15

YFO is the Mieras Property.

16

54.     The YFO has an IRS employer identification number ending 6833,

17

but the YFO has never filed a tax return with the IRS.

18

55.     On or about January 2010, prior to registration of the YFO, calling

19

itself as the "Yakima Familia Outreach", with the Washington Secretary of State,

20

Richard S. Rodriguez began using the YFO to avoid IRS levies issued to his

Compl.
Page 15

employer, Babcock Services, Inc. ("Babcock"), by contracting with Babcock as a consultant of the YFO and having payments made to the YFO.

56.    Richard S. Rodriguez and/or Shonna L. Rodriguez deposited payments from Babcock into bank accounts ending 2104 and 0262 held at Bank of the West by the YFO. Richard S. Rodriguez and Shonna L. Rodriguez were both authorized signatories on these bank accounts.

57.    Richard S. Rodriguez and Shonna L. Rodriguez used the bank accounts, described in paragraph 56, above, for their own personal use, until they were closed on or about March 2013.

58.    On April 20, 2010, a "Public Declaration of Trust" for the YFO, calling itself as the "The Yakama Familia Outreach Trust", was recorded with the Yakima County Auditor's Office (File # 7688819). This document refers to an irrevocable trust agreement between The Rodriguez Family Living Trust and the YFO, calling itself as the "Yakama Familia Outreach." Richard S. Rodriguez signed this document as President/Trustee of the YFO and Trustee of The Rodriguez Family Living Trust.

59.    The purported transfer of the Subject Properties from Richard S. Rodriguez and Shonna L. Rodriguez to The Rodriguez Family Living Trust on or about June 25, 2010 was for no consideration.

60.    The purported transfer of the Subject Properties from Richard S.

1  Rodriguez and Shonna L. Rodriguez to The Rodriguez Family Living Trust on or

2  about June 25, 2010 was not for reasonably equivalent value.

3      61.    The Rodriguez Family Living Trust is not registered with the

4  Washington Secretary of State.

5      62.    The purported transfer of the Subject Properties from The Rodriguez

6  Family Living Trust to the YFO on or about June 25, 2010 was for no

7  consideration.

8      63.    The purported transfer of the Subject Properties from The Rodriguez

9  Family Living Trust to the YFO on or about June 25, 2010 was not for reasonably

10 equivalent value.

11     64.    The "Yakima Familia Outreach Trust" is not registered with the

12 Washington Secretary of State.

13     65.    The Rodriguez Family Living Trust and YFO exist solely for the

14 purpose of holding title to the Subject Properties or for the purpose of holding title

15 to the Subject Properties.

16     66.    After the purported transfers of title of the Mieras Property first to The

17 Rodriguez Family Living Trust and then to the YFO, Richard S. Rodriguez and

18 Shonna L. Rodriguez continued to reside in the Mieras Property and enjoy the use

19 and benefits of the Mieras Property.

20     67.    Richard S. Rodriguez and Shonna L. Rodriguez have paid no rent to

Compl.
Page 17

1  either The Rodriguez Family Living Trust or to the YFO for their continued use of

2  the Mieras Property.

3      68.    After the purported transfers of title to the 31st Avenue Property first

4  to The The Rodriguez Family Living Trust and then to the YFO, Richard S. Rodriguez

5  and Shonna L. Rodriguez continued to receive rent from the tenant(s) at the 31st

6  Avenue Property and enjoy the use and benefits of the 31st Avenue Property.

7      69.    After the purported transfer of title to the Subject Properties first to

8  The Rodriguez Family Living Trust and then to the YFO, Richard S. Rodriguez

9  and Shonna L. Rodriguez continued to make all choices with respect to the Subject

10  Properties.

11      70.    The mortgage companies, Wells Fargo and Green Tree, for the Deeds

12  of Trusts, described in paragraphs 22 and 29, above, pay the property taxes for the

13  Mieras Property and 31st Avenue Property, respectively.

14      71.    Richard S. Rodriguez is the account holder for the electrical utility for

15  the Mieras Property.

16      72.    Based on the foregoing, and because Richard S. Rodriguez and

17  Shonna L. Rodriguez maintained a beneficial interest in and control over the

18  Subject Properties, to the extent that The Rodriguez Family Living Trust and/or the

19  YFO hold title to the Subject Properties, they do so as the nominees of Richard S.

20  Rodriguez and Shonna L. Rodriguez.

73.    In addition, The Rodriguez Family Living Trust and the YFO are the alter egos of Richard S. Rodriguez and Shonna L. Rodriguez, and their forms should be disregarded because Richard S. Rodriguez and Shonna L. Rodriguez have abused the formalities of the Trust entity to evade payment of their federal tax liabilities and because disregard of the formalities of the Trust is necessary and required to prevent unjustified loss to the IRS.

74.    In addition, the purported conveyances of the Subject Properties to The Rodriguez Family Living Trust and then to the YFO were fraudulent as to the United States.

75.    The purported transfers of the Subject Properties to The Rodriguez Family Living Trust and then to the YFO were made with the actual intent to hinder, delay, or defraud the United States. Richard S. Rodriguez and Shonna L. Rodriguez transferred the Subject Properties to insiders, The Rodriguez Family Living Trust and then to the YFO, both entities that Richard S. Rodriguez and Shonna L. Rodriguez controlled. Richard S. Rodriguez and Shonna L. Rodriguez retain control and possession of the Subject Properties, and the purported transfers were substantially all of their assets. Further, Richard S. Rodriguez and Shonna L. Rodriguez, having engaged in a scheme to obtain an unlawful payment from the IRS based upon their fraudulent Form 1040 filing and engaged in various bank transactions to avoid IRS levies, concealed assets, and became insolvent after the

transfers. The purported transfers were thus fraudulent transfers that should be set aside under RCW 19.40.041(a)(1) (version effective to July 22, 2017).

76.    Alternatively, the purported transfers of the Subject Properties first to The Rodriguez Family Living Trust and then to the YFO were made without receiving reasonably equivalent value in exchange for the transactions and Richard S. Rodriguez and Shonna L. Rodriguez intended to incur or reasonably should have believed that they would incur debts beyond their ability to pay. The purported transfers were thus fraudulent transfers that should be set aside under RCW 19.40.41(a)(2) (version effective to July 22, 2017).

77.    Richard S. Rodriguez and Shonna L. Rodriguez remain the true owners of the Subject Properties.

78.    Any claim to or interest in the Subject Properties by The Rodriguez Family Living Trust and/or the YFO is fraudulent and/or non-existent. Any such claim or interest was part of a scheme to defraud creditors of Richard S. Rodriguez and Shonna L. Rodriguez, including the United States, and have no merit.

## COUNT THREE: TO FORECLOSE THE FEDERAL TAX LIENS ENCUMBERING THE SUBJECT PROPERTY

79.    The United States incorporates by reference paragraphs 1 through 78, above, as if fully set forth here.

80.    Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraphs 42-44, above,

Compl.
Page 20

and attached to all property and rights to property of Richard S. Rodriguez and Shonna L. Rodriguez including the Subject Properties.

81.    On March 17, 2009, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a Notice of Federal Tax Lien ("NFTL") against "Richard S. & Shonna L. Rodriquez" with respect to unpaid federal income tax liabilities for the tax period ending December 31, 2007, with the Yakima County Auditor's Office (File # 7645824).

82.    On April 23, 2009, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded an Amended NFTL against "Richard S. & Shonna L. Rodriguez" with respect to unpaid federal income tax liabilities for the tax period ending December 31, 2007, with the Yakima County Auditor's Office (File # 7650247).

83.    On February 8, 2010, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Richard S. Rodriquez" with respect to unpaid civil penalty liabilities under 26 U.S.C. § 6702 for the tax periods ending December 31, 2005 and December 31, 2006, with the Yakima County Auditor's Office (File # 7681651).

84.    On March 4, 2011, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL

against "Richard S. Rodriquez" with respect to unpaid civil penalty liabilities under 26 U.S.C. § 6702 for the tax period ending December 31, 2007, with the Yakima County Auditor's Office (File # 7721401).

85. On April 25, 2011, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Shonna L. Rodriquez" with respect to unpaid civil penalty liabilities under 26 U.S.C. § 6702 for the tax periods ending December 31, 2005, December 31, 2006, and December 31, 2007, with the Yakima County Auditor's Office (File # 7726381).

86. On November 6, 2014, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Yakima Familia Outreach Trust, as the nominee of Rodriguez Family Living Trust, as the nominee of Richard S. and Shonna L. Rodriguez aka Rodriquez" with respect to unpaid federal income tax liabilities for the tax period ending December 31, 2007 and concerning the Mieras Property, with the Yakima County Auditor's Office (File # 7854977).

87. On November 6, 2014, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Yakima Familia Outreach Trust, as the nominee of Rodriguez Family Living Trust, as the nominee of Richard S. and Shonna L. Rodriguez aka

Rodriquez" with respect to unpaid federal income tax liabilities for the tax period ending December 31, 2007 and concerning the 31st Avenue Property, with the Yakima County Auditor's Office (File # 7854978).

88. On November 6, 2014, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Yakima Familia Outreach Trust, as the nominee of Rodriguez Family Living Trust, as the nominee of Richard S. Rodriguez aka Rodriquez" with respect to unpaid civil penalty liabilities under 26 U.S.C. § 6702 for the tax periods ending December 31, 2005, December 31, 2006, and December 31, 2007 and concerning the Mieras Property, with the Yakima County Auditor's Office (File # 7854979).

89. On November 6, 2014, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Yakima Familia Outreach Trust, as the nominee of Rodriguez Family Living Trust, as the nominee of Richard S. Rodriguez aka Rodriquez" with respect to unpaid civil penalty liabilities under 26 U.S.C. § 6702 for the tax periods ending December 31, 2005, December 31, 2006, and December 31, 2007 and concerning the 31st Avenue Property, with the Yakima County Auditor's Office (File # 7854980).

90. On November 20, 2014, in order to provide notice to third parties

Compl.
Page 23

entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Yakima Familia Outreach Trust, as the nominee of Rodriguez Family Living Trust, as the nominee of Shonna L. Rodriguez aka Rodriquez" with respect to unpaid civil penalty liabilities under 26 U.S.C. § 6702 for the tax periods ending December 31, 2005, December 31, 2006, and December 31, 2007[2] and concerning the Mieras Property, with the Yakima County Auditor's Office (File # 7856236).

91.    On November 20, 2014, in order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded a NFTL against "Yakima Familia Outreach Trust, as the nominee of Rodriguez Family Living Trust, as the nominee of Shonna L. Rodriguez aka Rodriquez" with respect to unpaid civil penalty liabilities under 26 U.S.C. § 6702 for the tax periods ending December 31, 2005, December 31, 2006, and December 31, 2007[3] and

---

[2] The NFTL contains a typographical error indicating that the kind of tax is for Form 6672 (civil penalty for trust fund recovery penalties under 26 U.S.C. § 6672) for the tax periods ending December 31, 2005 and December 31, 2006.

[3] The NFTL contains a typographical error indicating that the kind of tax is for Form 6672 (civil penalty for trust fund recovery penalties under 26 U.S.C. § 6672) for the tax periods ending December 31, 2005 and December 31, 2006.

Compl.
Page 24

1  concerning the 31st Avenue Property, with the Yakima County Auditor's Office

2  (File # 7856235).

3       92.    The Subject Properties, including all fixtures thereon, are encumbered

4  with liens for the unpaid federal tax assessments described in paragraphs 42-44,

5  above.

6       93.    The United States seeks to foreclose the federal tax liens above

7  through the sale of the Subject Properties.

8       94.    The federal tax liens arising from the assessments described in

9  paragraphs 42-44, above, have priority over all interests in the Subject Properties

10  acquired after the attachment of the federal tax liens, subject to the provisions of 26

11  U.S.C. § 6323.

12       95.    Under 28 U.S.C. § 7403(c), the United States is entitled to a decree of

13  sale of the Subject Properties to enforce its federal tax liens.

14       WHEREFORE, the Plaintiff, the United States prays as follows:

15       A.    That this Court determine, adjudge, and decree that Defendants

16  Richard S. Rodriguez and Shonna L. Rodriguez are indebted to the United States

17  for unpaid federal income tax liabilities for tax year 2007, described in paragraph

18  42, above, in the amount of $264,107.33 as of January 31, 2018, less any

19  subsequent payment or credits, plus interest and other statutory additions, as

20  provided by law, and that judgment in that amount be entered against Defendants

Compl.
Page 25

1  Richard S. Rodriguez and Shonna L. Rodriguez and in favor of the United States;

2      B.      That this Court determine, adjudge, and decree that Defendant

3  Richard S. Rodriguez is indebted to the United States for unpaid civil penalty

4  liabilities under 26 U.S.C. § 6702 for tax years 2005, 2006, and 2007, described in

5  paragraph 43, above, in the amount of $13,308.73 as of January 31, 2018, less any

6  subsequent payment or credits, plus interest and other statutory additions, as

7  provided by law, and that judgment in that amount be entered against Defendant

8  Richard S. Rodriguez and in favor of the United States;

9      C.      That this Court determine, adjudge, and decree that Defendant Shonna

10  L. Rodriguez is indebted to the United States for unpaid civil penalty liabilities

11  under 26 U.S.C. § 6702 for tax years 2005, 2006, and 2007, described in paragraph

12  44, above, in the amount of $20,312.16 as of January 31, 2018, less any subsequent

13  payment or credits, plus interest and other statutory additions, as provided by law,

14  and that judgment in that amount be entered against Defendant Shonna L.

15  Rodriguez and in favor of the United States;

16      D.      That this Court determine, adjudge, and decree that the United States

17  has valid and subsisting tax and judgment liens against all property and rights to

18  property of Defendants Richard S. Rodriguez and Shonna L. Rodriguez, including

19  but not limited to, their interest in the Subject Properties.

20      E.      That this Court determine, adjudge, and decree that Defendant The

Compl.
Page 26

Rodriguez Family Living Trust and Defendant The Yakima Familia Outreach Trust, are the nominees and/or alter-egos of Defendants Richard S. Rodriguez and Shonna L. Rodriguez, and neither Defendant The Rodriguez Family Living Trust nor Defendant The Yakima Familia Outreach Trust is a purchaser of the Subject Properties as that term is defined in 26 U.S.C. § 6323(h)(6);

F.     That this Court determine, adjudge, and decree that the purported conveyance of the Subject Properties to Defendant The Rodriguez Family Living Trust was a fraudulent conveyance and of no effect as to the lien claims of the United States, and that it be set aside;

G.     That this Court determine, adjudge, and decree that the purported conveyance of the Subject Properties to Defendant The Yakima Familia Outreach Trust was a fraudulent conveyance and of no effect as to the lien claims of the United States, and that it be set aside;

H.     That this Court determine, adjudge, and decree that any claim to or interest in the Subject Properties by Defendant The Rodriguez Family Living Trust and Defendant The Yakima Familia Outreach Trust is fraudulent and/or non-existent;

I.     That this Court determine the interests of the other named defendants in the Subject Property and their respective priority to a distribution of proceeds from a sale of the Subject Properties;

Compl.
Page 27

1    J.    That the federal tax and judgment liens against Defendants Richard S.

2  Rodriguez and Shonna L. Rodriguez encumbering the Subject Properties be

3  foreclosed;

4    K.    That the Subject Properties be sold with the proceeds applied to the

5  delinquent federal tax liabilities of Defendants Richard S. Rodriguez and Shonna

6  L. Rodriguez, described in paragraphs 42-44, above; and

7    L.    That the United States be awarded its costs and attorney's fees herein,

8  and such other and further relief as this Court deems just and proper.

9    DATED this 13th day of March, 2018.

10                             Respectfully Submitted,

11                             RICHARD E. ZUCKERMAN
                               Principal Deputy Assistant Attorney General
12
                               s/ Yen Jeannette Tran
13                             YEN JEANNETTE TRAN
                               Trial Attorney, Tax Division
14                             U.S. Department of Justice
                               P.O. Box 683, Ben Franklin Station
15                             Washington, D.C. 20044-0683
                               Telephone:  (202) 616-3366
16                             Facsimile: (202) 307-0554
                               y.jeannette.tran@usdoj.gov
17
                               JOSEPH H. HARRINGTON
18                             United States Attorney,
                               Eastern District of Washington
19                             *Of Counsel*

20                             *Attorneys for the United States of America*

Compl.
Page 28

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

Richard S. Rodriguez a.k.a. Richard S. Rodriguez; Shonna L. Rodriguez a.k.a. Shonna L. Rodriguez; The Rodriguez Family Living Trust; The Yakima Familia Outreach Trust; Yakima County; et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　Yakima
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Yen Jeannette Tran, U.S. Dept. of Justice, Tax Division
P.O. Box 683, Washington, D.C. 20044
(202) 616-3366

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☒ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7401, 7402, 7403

Brief description of cause:
Reduce tax liabilities to judgment, determine that Rodriguezes are true owners of property, foreclose tax liens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $　297,728.22

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____　DOCKET NUMBER _____

DATE　03/13/2018

SIGNATURE OF ATTORNEY OF RECORD
s/ Yen Jeannette Tran

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )    Civil Action No.  1:18-cv-03038 |
| | ) |
| Richard S. Rodriguez a.k.a. Richard S. Rodriquez; Shonna L. Rodriguez a.k.a. Shonna L. Rodriquez; The Rodriguez Family Living Trust; The Yakima Familia Outreach Trust; Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Richard S. Rodriguez a.k.a. Richard S. Rodriquez
12190 Mieras Road
Yakima, WA 98901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____
Date

_____
**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


_____
Date

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Richard S. Rodriguez a.k.a. Richard S. Rodriquez; Shonna | ) |
| L. Rodriguez a.k.a. Shonna L. Rodriquez; The Rodriguez | ) |
| Family Living Trust; The Yakima Familia Outreach Trust; | ) |
| Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) |
| *Defendant(s)* | ) |

Civil Action No.   1:18-cv-03038

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Shonna L. Rodriguez a.k.a. Shonna L. Rodriquez
12190 Mieras Road
Yakima, WA 98901

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Yen Jeannette Tran
                                U.S. Department of Justice, Tax Division
                                P.O. Box 683
                                Washington, D.C. 20044

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                *CLERK OF COURT*

_____          _____
Date                                                    **SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


_____
Date

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No.   1:18-cv-03038 |
| Richard S. Rodriguez a.k.a. Richard S. Rodriguez; Shonna L. Rodriguez a.k.a. Shonna L. Rodriguez; The Rodriguez Family Living Trust; The Yakima Familia Outreach Trust; Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) ) ) ) ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   The Rodriguez Family Living Trust
12190 Mieras Road
Yakima, WA 98901

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____
Date

_____
**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


_____
Date

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| Richard S. Rodriguez a.k.a. Richard S. Rodriquez; Shonna | ) |
| L. Rodriguez a.k.a. Shonna L. Rodriquez; The Rodriguez | ) |
| Family Living Trust; The Yakima Familia Outreach Trust; | ) |
| Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) |
| _Defendant(s)_ | ) |

Civil Action No.   1:18-cv-03038

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   The Yakima Familia Outreach Trust
Registered Agent: "Richard Rodriquez"
12190 Mieras Road
Yakima, WA 98901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date _____

**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


_____
Date

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.  1:18-cv-03038 |
| | ) | |
| Richard S. Rodriguez a.k.a. Richard S. Rodriguez; Shonna | ) | |
| L. Rodriguez a.k.a. Shonna L. Rodriguez; The Rodriguez | ) | |
| Family Living Trust; The Yakima Familia Outreach Trust; | ) | |
| Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Yakima County
128 North Second Street
Yakima Courthouse, Room 115
Yakima, WA 98901

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

_____
Date

_____
**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


_____

Date _____

Server's signature

_____

Printed name and title

_____

Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )   Civil Action No.  1:18-cv-03038 |
| Richard S. Rodriguez a.k.a. Richard S. Rodriguez; Shonna L. Rodriguez a.k.a. Shonna L. Rodriguez; The Rodriguez Family Living Trust; The Yakima Familia Outreach Trust; Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Wells Fargo Home Mortgage, Inc.
                                                Registered Agent: CORPORATION SERVICE COMPANY
                                                300 Deschutes Way SW, Ste. 304
                                                Tumwater, WA 98501

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Yen Jeannette Tran
                                                U.S. Department of Justice, Tax Division
                                                P.O. Box 683
                                                Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

_____
Date                                                                    **SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


_____
Date

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Richard S. Rodriguez a.k.a. Richard S. Rodriquez; Shonna | ) |
| L. Rodriguez a.k.a. Shonna L. Rodriquez; The Rodriguez | ) |
| Family Living Trust; The Yakima Familia Outreach Trust; | ) |
| Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) |
| *Defendant(s)* | ) |

Civil Action No.   1:18-cv-03038

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Green Tree Servicing, LLC
345 St. Peter Street
St. Paul, MN 55102

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____
Date

_____
**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


_____
Date

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )   Civil Action No.  1:18-cv-03038 |
| Richard S. Rodriguez a.k.a. Richard S. Rodriquez; Shonna | ) |
| L. Rodriguez a.k.a. Shonna L. Rodriquez; The Rodriguez | ) |
| Family Living Trust; The Yakima Familia Outreach Trust; | ) |
| Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Chase Bank USA, N.A.
201 North Walnut Street
Wilmington, DE 19801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:        Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____                    _____
Date                                                                              **SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


_____
Date

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| | ) |
| Richard S. Rodriguez a.k.a. Richard S. Rodriguez; Shonna | ) |
| L. Rodriguez a.k.a. Shonna L. Rodriguez; The Rodriguez | ) |
| Family Living Trust; The Yakima Familia Outreach Trust; | ) |
| Yakima County; Wells Fargo Home Mortgage, Inc.; et al. | ) |
| _Defendant(s)_ | ) |

Civil Action No.  1:18-cv-03038

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  First National Bank of Omaha
1620 Dodge Street
Omaha, NE 68197

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

_____
Date

_____
**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


_____
Date
                                        _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*


                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## Eastern District of Washington

| | |
|---|---|
| United States of America <br><br><br> _____ <br> *Plaintiff(s)* <br> v. <br> Richard S. Rodriguez a.k.a. Richard S. Rodriquez; Shonna L. Rodriguez a.k.a. Shonna L. Rodriquez; The Rodriguez Family Living Trust; The Yakima Familia Outreach Trust; Yakima County; Wells Fargo Home Mortgage, Inc.; et al. <br> _____ <br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.  1:18-cv-03038 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Discover Bank, Issuer of the Discover Card
502 E. Market Street
Greenwood, DE 19950

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Yen Jeannette Tran
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____
Date

_____
**SEAN F. McAVOY, Clerk**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:18-cv-03038

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


_____
Date

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc: